UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

JONATHAN SYLLMAN,

        Plaintiff,

-against-                                   COMPLAINT

                                            DOCKET NO. 23-750

KEW GARDENS HILLS, LLC

A&E REAL ESTATE MANAGEMENT, LLC,

        Defendants.

-------------------------------------------------------------X

## INTRODUCTION

1. Plaintiff Jonathan Syllman is a person with a disability who lives in an apartment in an apartment building in Flushing, New York owned by Defendant Kew Gardens Hills, LLC and managed by its agent Defendant A&E Real Estate Management, LLC. In order to have an opportunity to live in his apartment, Plaintiff needs various renovations to his bathroom and his kitchen because of his disabilities. Plaintiff has made a request to Defendant A&E Real Estate Management, LLC to make those renovations as a reasonable modification of his premises. However, Defendant A&E Real Estate Management, LLC on behalf of Defendant Kew Gardens Hills, LLC has declined to make those renovations. Plaintiff brings this action against the Defendants pursuant to the Federal Fair Housing Act and the New York State and New York City anti-discrimination laws seeking equitable relief to direct the Defendants to make the requested renovations.

3193166v1

## JURISDICTION AND VENUE

2. Pursuant to the Federal Fair Housing Act, this Court has jurisdiction over this action. 28 U.S.C. §1331; 42 U.S.C. §3613.  This Court has supplemental jurisdiction over the claims under the New York State and New York City anti-discrimination laws.

3. As the property and the events in this action take place principally in Flushing, New York, venue is appropriate in the United States District Court for the Eastern District of New York.

## PARTIES

4. Plaintiff Jonathan Syllman is a person with a disability who resides in an apartment building in Flushing, New York.

5. Defendant Kew Gardens Hills, LLC is the owner of the apartment building where Plaintiff resides and is his landlord.  Its principal offices are located in New York, New York.

6. Defendant A&E Real Estate Management, LLC is the managing agent of the apartment building Plaintiff Syllman resides in and is the agent of Defendant Kew Gardens Hills, LLC.

## FACTS

### A.   Jonathan Syllman and his disability

7. Plaintiff Jonathan Syllman lives in an apartment in Flushing, New York, has multiple disabilities that affect his stamina, mobility, and balance.

8. Because of chronic back pain, arthritis, and leg cramps, he is limited in his ability to move and bend.

9. These are permanent conditions which have worsened over the last several years and not expected to improve in the forseeable future.

10. Plaintiff's disability substantially limits his ability to move, has a record of such an impairment, and is regarded as having such an impairment.

11. Plaintiff's impairment is demonstrable by medically accepted clinical or laboratory diagnostic techniques.

B. **Requested Reasonable Accommodation/Modification and Defendants' Refusal**

12. Because of his disability, Plaintiff requires grab bars in the bathroom shower and toilet and widening of the entrances into the bathroom and kitchenette, which are currently quite narrow.

13. Architect Steven Zalben visited Plaintiff's residence and wrote a report dated September 23, 2022 regarding what accommodations and modifications needed to afford him an equal opportunity to reside in his apartment.

14. In Mr. Zalben's report, he estimated that the cost of the modifications to the Defendants would be in the range of $3,000-$5,000.

15. Thereafter, Plaintiff wrote a letter to Defendants dated October 12, 2022 requesting the above modifications/accommodations to his apartment.

16. Plaintiff's letter included a report from Architect Zalben along with a report from his physician, David Inslicht, M.D., stating Plaintiff's disability and his need for the modifications.

17. The Defendants did not respond to Plaintiff's letter.

18. Plaintiff's counsel wrote a letter to Defendants dated December 19, 2022 and received by them on December 22, 2022 also requesting the above modifications/accommodations to his apartment.

19. The Defendants failed to respond to that letter as well.

20. By failing to grant Plaintiff his requested reasonable accommodation/modification, Defendants have acted in violation of the Federal Fair Housing Act, and the New York State and New York City anti-discrimination laws.

## COUNT I- FEDERAL FAIR HOUSING ACT

21. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "20" of this Complaint.

22. Plaintiff has a physical impairment which substantially limits his mobility, a major life activity.

23. Plaintiff has a record of this impairment and is regarded as having such impairment.

24. Consequently, Plaintiff is a person with a disability under the Federal Fair Housing Act.

25. Defendants are covered under the Federal Fair Housing Act.

26. Plaintiff needs the accommodation/modification to have an equal opportunity to enjoy his apartment.

27. The accommodation/modification sought by Plaintiff is reasonable, costing a small amount of money to the Defendants.

28. By denying Plaintiff's request for a reasonable accommodation/modification, Defendants have acted in violation of the Federal Fair Housing Act.

3193166v1

## COUNT II- NEW YORK STATE EXECUTIVE LAW

29. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "28" of this Complaint.

30. Plaintiff has a physical impairment which is demonstrable by medically accepted clinical or laboratory diagnostic techniques.

31. Consequently, Plaintiff is a person with a disability under the New York State Executive Law.

32. Defendants are covered under the New York State Executive Law.

33. Plaintiff needs the accommodation/modification to have an equal opportunity to enjoy his apartment.

34. The accommodation/modification sought by Plaintiff is reasonable, costing a small amount of money to the Defendants.

35. By denying Plaintiff's request for a reasonable accommodation/modification, Defendants have acted in violation of the New York State Executive Law.

## COUNT III-NEW YORK CITY ADMINISTRATIVE CODE

36. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "35" of this Complaint.

37. Plaintiff has a physical impairment and a history and record of such impairment.

38. Consequently, Plaintiff is a person with a disability under the New York City Administrative Code.

39. Defendants are covered under the New York City Administrative Code.

40. Plaintiff needs the accommodation/modification to have an equal opportunity to enjoy his apartment.

41. The accommodation/modification sought by Plaintiff is reasonable, costing a small amount of money to the Defendants.

42. Plaintiff needs the accommodation/modification to have an equal opportunity to enjoy his apartment.

43. The accommodation/modification sought by Plaintiff is reasonable, costing a small amount of money to Defendants.

44. By denying Plaintiff's request for a reasonable accommodation/modification, Defendants have acted in violation of the New York City Administrative Code.

WHEREFORE, it is respectfully requested that this Court.

1) Issue an order and judgment in favor of Plaintiff and against Defendant directing Defendants to make the necessary reasonable accommodations/modifications to Plaintiff's apartment.

2) Award Plaintiff compensatory and punitive damages against the Defendants.

3) Award counsel fees against the Defendants.

4) Such other and further relief as the Court deems appropriate.

Dated: Garden City, New York

January 27, 2023

        MORITT HOCK & HAMROFF LLP

        Attorneys for Plaintiff

        By: _____

        ROBERT L. SCHONFELD

        400 Garden City Plaza

        Garden City, New York 11530

        (516) 873-2000